


RECEIVED

AUG 0 3 2016 DC

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

GERALD REED

(Enter above the full name of the plaintiff or plaintiffs in this action)

vs.

16-cv-7843
**Judge James B. Zagel**
**Magistrate Judge Sidney I. Schenkier**
**PC5**

WARDEN MICKELSON

WARDEN WILLIAMS

C/O I.A. SHAW

MAJOR /SUPT HUNTER

RANDY PFISTER

MR. LARUS

(Enter above the full name of ALL defendants in this action. Do not use "et al.")

CHECK ONE ONLY:

✓ COMPLAINT UNDER THE CIVIL RIGHTS ACT, TITLE 42 SECTION 1983 U.S. Code (state, county, or municipal defendants)

____ COMPLAINT UNDER THE CONSTITUTION ("BIVENS" ACTION), TITLE 28 SECTION 1331 U.S. Code (federal defendants)

____ OTHER (cite statute, if known)

BEFORE FILLING OUT THIS COMPLAINT, PLEASE REFER TO "INSTRUCTIONS FOR FILING." FOLLOW THESE INSTRUCTIONS CAREFULLY.

I. Plaintiff(s):

A. Name: GERALD REED

B. List all aliases: LAMONT, MONTEY & ELIJAH

C. Prisoner identification number: ~~NONE~~ N-32920

D. Place of present confinement: STATEVILLE C.C.

E. Address: P.O. BOX 112, JOLIET ILL. 60434-0112

(If there is more than one plaintiff, then each plaintiff must list his or her name, aliases, I.D. number, place of confinement, and current address according to the above format on a separate sheet of paper.)

II. Defendant(s):

(In A below, place the full name of the first defendant in the first blank, his or her official position in the second blank, and his or her place of employment in the third blank. Space for two additional defendants is provided in B and C.)

A. Defendant: CORRECTIONAL OFFICER SHAW

Title: INTERNAL AFFAIR OFFICER

Place of Employment: STATEVILLE CORR. CTR.

B. Defendant: WARDEN NICKELSON

Title: WARDEN OF PROGRAM

Place of Employment: STATEVILLE CORR. CTR.

C. Defendant: WARDEN WILLIAMS MICHAEL

Title: 1ST WARDEN OF FACILITY

Place of Employment: STATEVILLE

D. DEFENDANT: MR. HUNTER

TITLE: MAJOR / SUPT.

PLACE OF EMPLOYMENT: STATEVILLE CORR. CTR. / NRC.

E. DEFENDANT: RANDY PFISTER

TITLE: WARDEN

PLACE OF EMPLOYMENT: STATEVILLE CORR. CTR.

F. DEFENDANT: MR. LARUS

TITLE: WARDEN SECRETARY / ECT.

PLACE OF EMPLOYMENT: STATEVILLE CORR. CTR.

III. List all lawsuits you have filed in any federal court in the United States:

(1)

A. Name of case and docket number: Safety and Protection 12 C 8582

B. Approximate date of the filing lawsuit: 2012

C. List all plaintiff, including any alias: Gerald Reed Lamont Montel, Elijah

D. List all defendants: Marcus Hardy, Perry Kirk, Coleman, D. Edwards, Bishop, thompson, Tolley. And A. Johnson.

E. Court in which the lawsuit was filed. Northern District

F. Name of Judge to whom case was assigned Honorable: James B. Zagel

G. Basic claim made: Staff fail to protect plaintiff from violence

H. Deposition of the case: Still pending /summary judgement stage

(2)

A. Name of case and docket number: Discrimination 11C3777

B. Approximate date of the filing lawsuit 2011

C. List all plaintiff including any alias Gerald Reed Lamont, Montel, Elijah

D. List all defendants: Marcus Hardy, Edwards, Encarnacion C. Wright, C. Downs.

F. COURT [illegible] NORTHERN DISTRICT

F. NAME OF JUDGE: HONORABLE: JAMES B. ZAGEL

G. BASIC CLAIM MADE: DISCRIMINATED AGAINST A.D.A. / AND THOSE WITH CRUTCHES AND RELIGIOUS SERVICE

H. DEPOSITION OF CASE: STILL PENDING (TRIAL / SETTLEMENT)

(3)

A. NAME OF CASE AND DOCKET NUMBER: DELIBERATE INDIFFERENCE OF MEDICAL NEED

B. APPROXIMATE DATE OF THE FILE LAWSUIT: 2012

C. LIST ALL PLAINTIFF INCLUDING ANY ALIAS: GERALD REED LAMONT MONTEL, Elijah

D. LIST ALL DEFENDANTS: WEXFORD Health Service, HARDY, HOLLORAN, KARRAKER, FASANO, FUNK, OKEZIA, RANDELL, SCHICKER, Ghosh, WALKER, MILLER, TAYLOR, MC CANN, RAMOS, JOHNSON, FORD, BROWN REED.

E. NAME OF JUDGE: HONORABLE: JAMES B. ZAGEL

F. COURT IN which the lawsuit was filed: NORTHERN DISTRICT

G. BASIC CLAIM MADE: FAIL to GIVE PROPER MEDICAL NEED

H. DEPOSITION OF THE CASE: STILL PENDING

ON/OR ABOUT AUGUST 20, 2015, AT ABOUT 12:00 clock, I WAS APPROACHED by I.A. c/o SHAW. While IN MY cell, EDWARD-HOUSE-114, this CORRECTIONAl officer WAS TESTING for DRUG URINE. He first called My cellmate (DANIEL LUCAS), to give A URINE SAMPLE, GAVE MR. LUCAS the OPPORTUNITY to KNOW the RESULTS of the test. then this c/o SHAW. INFORMED ME CAN I URINE. AND I told this c/o YES, AND INFORMED him, I WAS ON MEDICAtion. TYLNOLE 3, AND PHENOBARBITAL. After I GAVE him the URINE SAMPLE he ASKED ME did I HAVE A PERMIT. I then told this c/o. NO PERMIT ARE PERMITTED, It is A WATCH MEDICATION, which the NURSE/OR MED-tech given it to ME daily. this officer INFORMED ME he would MONITOR the URINE TEST. AND PUT the URINE CUP, I HAD URINED IN, INTO A BAG with other URINE SAMPLE CUPS. AND left. AT ABOUT 1:31 PM. ACTING SGT. SEMON INFORMED ME that I HAD A dirty URINE, AND that I WAS SMOKING WEED. I then INFORMED ACTING SGT SEMON. I NEEDED to see the LUETUENANT. BECAUSE I HAD NOT HAD ANY ILLEGAL DRUG IN MY SYSTEM. SOMETIME thereafter Lt. BUIBUR ESCORTED ME to SEGREGATION.

I WAS ESCORTED to FRANK UNIT, with the following items COSMETICS, UNDER cloths AND towels, with A FAN. ON AUG. 22, 2015, I WAS given A INVESTIGATIVE DISCIPLINARY REPORT, STATING I WAS PLACED UNDER INVESTIGATION STATUS. I then INFORMED F-HOUSE SGT. WEATHROD that I got A INVESTIGATION ticket, I NEEDED All MY PROPERTY. which is REQUIRED by the STATUTE. AND he SAID for ME to write A KIT to MAJOR HUNTER AND Lt. BROWN. I then WROTE A KIT AND GAVE it to him to give to MAJOR HUNTER AND Lt. BROWN.

. AND A few days later Major Hunter was walking in the unit AND I requested my property. Because I had legal obligation to take care of. this correctional officer, Major Hunter. told me to write him A letter. And I will get my property. see Exhibit (A)

On/or about August 25, 2015. I was escorted to (I.A) Internal Affairs, and entervieweD. by A c/o and he informed that the results of the test came back from the lab, and Barbituates was in my urine and where did I get the weed from. I explained to this c/o that Barbituates is in Phenabarbital. the medication that the Doctor pre-scribed for my (IBS). this c/o stated he will contact medical and if Barbituates is in my medication I will be released from segregation in a couple of days. those couple of days turned out, I was confined without my property for (21) twenty one days. then on August 22, 2015 (I.A.) Internal Affair. was to respond to Plaintiff Discovery request. that the Department forward all discovery that plaintiff requested.

At/or around the date of August 26, 2015. I wrote to the Warden Michael William A Emergency Grievence. Addressing that I should not be in segregation. for his staff unprofessional obligations and duties as a internal affair personnal. His unprofession conducts of putting me in segregation, without contacting "Stateville Health Services" and finding out if the medication contain any elements that would cause weed to test positive for a dirty urine test. see Exhibit (B)

A few days after sending that grievence to Warden William. I had a hospital pass. And I ran in the Warden secutary Mr. Larus and addressed the facts of my confinement and that I wrote a emergency grievence Mr. Larus stated (We) got your grievence

AND WE ARE ADDRESSING THIS MATTER WITH MEDICAL PERSONAL. BECAUSE HE KNOWS THAT I WAS ON MEDICATION. I THEN WROTE MR. LARUS TWO DAYS LATER. SEE EXHIBIT (C)

AFTER NOT RECIEVING ANY OF MY PROPERTY TO WRITE TO ATTORNEY AND THE COURTS TO PREPARE FOR TRIAL IN THE MATTER OF 11C3777 AND RESPOND TO THE DEFENDANTS SUMMARY JUDGEMENT MOTION. ALONG WITH INFORMING THE COURTS THAT THE DEFENDANT IN THE 12C8582. MOTION FOR DISCOVERY ON AUG. 22, 2015 HAD NOT BEEN FORWARD TO ME. I THEN WROTE TO THE COURTS, ASKING FOR EXTENTION OF TIME IN ANY AND ALL LEGAL MATTERS. SEE EXHIBIT (1, 2, AND 3)

ON/OR ABOUT AUGUST 28, 2015. ATTORNEY JOEL D'ALBA TALKED TO ME ON A LEGAL CALL. INFORMING THE COURT. WAS INFORMED THAT I WAS IN CONFINIMENT AND THAT THE TRIAL IN SEPTEMBER ON THE CASE OF 11C3777 IS POSTPONED, UNTIL I GET OUT OF SEGREGATION.

ON AUGUST 31, 2015. ATTORNEY ELLIOT ZINGER AND LARRY DREYFUS CONTACT THE WARDEN OFFICE BY FAX. EXPLAING THAT THEIR CLIENT IS ON PAIN MEDICATION AND WAS PLACE UNDER INVESTIGATION, IN SEGREGATION. BUT THE ADMINISTRATION DISREGARDED THE ATTORNEY FAX AND LETTER TO STATEVILLE WARDEN. SEE EXHIBIT (D)

I THEN WROTE TO THE ACLU AND DEPARTMENT OF JUSTICE WITH REGARDS TO THE CONDUCT OF STAFF. AND WOULD THEY ASSIST IN THIS MATTER. SEE EX. (E)

THROUGHOUT MY TIME AT STATEVILLE FROM 1994 TIL THE PRESENT DATE. I AM ONE OF THE WELL KNOWN PRISONER'S HERE. AND THIS INJUSTICE. HAD PEOPLE SAYING TO ME PUFF-PUFF- PASS-PASS THE JOINT, OR WHERE IS THAT WEED YOU HAD. MED-TECH /NURSE AND DOCTOR'S WHO SEEN ME FOR MY MEDICAL CONDITION. MADE STATEMENTS. TO THE FACTS WHY WOULD I USE DRUGS? OR THEY FOUND [redacted] ILLEGAL DRUGS. THAT MADE ME FEEL SO BAD.

. I, HAD [illegible] to BE PUT IN this SITUATION. AS DEFAMATION OF CHARACTER. this C/O SHAW DEGRADED MY CHARACTER TO the POINT EVERYWHERE I WENT. PEOPLE TALK-ED ABOUT I AM USING ILLEGAL DRUGS.

MY NAME WAS SLANDERED throughout the PRISON. PROGRAMS that I ATTENDED WAS CANCELLED. SEE EXHIBIT (F.)

All, BECAUSE C/O SHAW WROTE A FALSE DISCIPLINARY REPORT ON (REED) AND WALKED HIM to SEGREGATION. SEE EXHIBIT (G)

ON AUGUST 23, 2015. I PLACED A EMERGENCY GRIEVANCE IN the MAIL to WARDEN MICHAEL WILLIAMS, AND GOT NO RESPONSE. I then WROTE ANOTHER EMERGENCY GRIEVANCE ON NOVEMBER 12, 2015. AND the ADMINISTRATIVE REVIEWED BOARD RECIEVED it ON NOV 18, 2015. SEE EXHIBIT (H)

ON OCTOBER 7, 2015 I WROTE A GRIEVANCE THROUGH MY COUNSULOR, AND WITHIN HER RESPONSE SHE STATED that there is NO RESPONSE. WHEN HER ACTION ARE that SHE FOLLOWED UP ON the GRIEVANCE OFFICE STATING there IS NO GRIEVANCE (PENDING) SEE EXHIBIT (I) DUE to HER (COUNSULOR HARRIS DATE OF RESPONSE APRIL 15, 2016. the GRIEVANCE PROCESS FROM NOVERMBER 12, 2015. STATES that A GRIEVANCE WAS RECIEVED. AND FORWARD BACK to REED AFTER NOVEMBER 18, 2015. SEE EXHIBIT (H)

MR. REED DUE PROCESS OF the GRIEVANCE PROCESS WAS VIOLATED. WHEN FIRST ON AUGUST 23, 2015. the ADMINISTRATION HAD NOT PROCESS HIS GRIEVANCE. then AROUND ABOUT 10/7/2015. the GRIEVANCE PROCESS FOUND NO GRIEVANCE WITHIN the GRIEVANCE PROCEDURE. Which ON 4/15/16 the COUNSULOR RESPONDED. CLEARLY the GRIEVANCE DATED 10/12/2015. SHOW that the ADMINISTRATIVE PROCESS the GRIEVANCE ABOUT STAFF CONDUCT. SEE EXHIBIT (H)

ON/OR ABOUT DECEMBER 1, 2015 the ADMINISTRATIVE REVIEW BOARD LESLIE MC CARTY RESPONDED to REED'S GRIEVANCE, STATING the 60 DAYS PASSED AND the DEPARTMENT CANNOT REVIEW the ISSUE. REED HAS FORWARD the ABOVE GRIEVANCE thru the CHAIN OF COMMAND. AS REQUIRED FOR the GRIEVANCE PROCESS. SEE EXHIBIT (J)

DEFENDANTS NICKELSON HAD MADE A ROUTINE ROUNDS THROUGHOUT THE FRANK UNIT ON AUGUST 29, 2015 AND I HAD INFORMED HIM OF MY INVESTIGATION STATUS. AND SHOWED HIM EXHIBIT (G). WHICH HE STATED THOSE UNDER INVESTIGATION IS (NOT) ALLOW PROPERTY. BECAUSE THE STAFF HAVE A HARD TIME CONFISCATING THE AUDIO/VISUAL BACK. SO THE PRISON REFUSE TO ALLOW THOSE INVESTIGATION STATUS TO RECIEVE. I THEN INFORMED THIS WARDEN AND MAJOR HUNTER, THAT I ONLY RECIEVED THE FOLLOWING PROPERTY. 1) ONE PAIR OF GYM SHOES, (1) ONE TOOTHBRUSH (1) ONE TOWEL, (5) FIVE MAGIZINES, AND (10) ENVOLOPES = CONTAINED WITH IN COMMING MAIL. AND THAT I NEED LEGAL PROPERTY. TO PREPARE FOR CRIMINAL EVIDENTIARY HEARING, TRIAL ON A CIVIL MATTER. AND RESPOND TO A CIVIL SUMMARY JUDGEMENT FOR AUG. 29, 2015. BECAUSE THE ONLY PROPERTY I HAVE ARE THE ABOVE CONTENTS. TOOTH BRUSH, GYM SHOES, TOWEL, MAGIZINES, AND MAIL. SEE EXHIBIT (K)

All DEFENDANTS ARE HELD RESPONSIBLE FOR NOT PROPERLY ADMINISTERING THE DUTIES OF EMPLOYEMENT. THE VIOLATION OF DUE PROCESS OF A DRUG TEST. IN VIOLATION OF 430 ILCS 5/3-19-25. ZERO TOLERANCE DRUG POLICY.

THE VIOLATION OF THE DUE PROCESS WITHIN THE GRIEVANCE PROCESS. BY ALLOWING (REED) TO EXHAUST HIS ADMINISTRATIVE REMEDY.

All DEFENDANT VIOLATED REED DUE PROCESS TO ACCESS TO THE COURT BY WITHHOLDING DOCUMENTS THAT PROCEEDS TO THE CIVIL MATTER.

STATEVILLE ADMINISTRATION AND IT'S STAFF HAVE A PRACTICE AND PATTERN OF REFUSING TO MIS-BEHAVIOR AND/BAD CONDUCT. BUT REFUSE TO DISCIPLINE STAFF WHEN THE FACTS SHOW THAT STAFF HAS CONDUCTED THEMSELVES IN A UNPROFESSIONAL MANNER.

GERALD REED. WAS PUNISHED FOR A DISCIPLINARY ACTION THAT SHOULD NOT HAVE TAKEN PLACE. ALL PARTY DEFENDANTS TURNED A BLIND EYE. OR WENT OFF WHAT THE NEXT EMPLOYEE INFORMED THEM. AND NO ONE ACTED WITH THE THE ADMINISTRATIVE DUTIES AS REQUIRED BY THE LAW OF THE CONSTITUTION. EACH DEFENDANT VIOLATED THE CODE OF ETHIC AND THE UNITED STATES CONSTITUTION

V. Relief:

State briefly exactly what you want the court to do for you. Make no legal arguments. Cite no cases or statutes.

TO ENFORCE THE I.D.O.C. TO GIVE THOSE WITH INVESTIGATION STATUS ALL THEIR PROPERTY, "INTERNAL AFFAIR" IS TO PROPERLY TEST THOSE AS THE 730 ILCS 5/3-7-2.5 (DISCIPLINE STAFF FOR MISCONDUCT) AND FILE 1,200,000 PUNITIVE DAMAGE, 100,000 MONETARY ACTION ALL LEGAL FEES PAID AND ALL LEGAL COPIES REIMBURSE AND GRIEVANCE PROCESS ADMINISTERED TO ADEQUATELY AS REQUIRED BY THE STATUS

VI. The plaintiff demands that the case be tried by a jury. ☑ YES ☐ NO

CERTIFICATION

By signing this Complaint, I certify that the facts stated in this Complaint are true to the best of my knowledge, information and belief. I understand that if this certification is not correct, I may be subject to sanctions by the Court.

Signed this ______ day of ______, 20 ___

______________________________

______________________________

(Signature of plaintiff or plaintiffs)

______________________________

(Print name)

______________________________

(I.D. Number)

______________________________

______________________________

EX- A

MAJOR HUNTER

I'VE BEEN WAITING YOUR STAFF IN PROPERTY SO THAT I CAN GET MY LEGAL BOX, AND ITEMS I HAD WHILE I WAS IN POPULATION. AND HAVE NOT RECIEVE ANYTHING. BUT 1 TOWEL, 6 MAGIZINES AND A PAIR OF GYM SHOES.

MR. HUNTER I AM UNDER INVESTIGATION STATUS. AND I REALLY APPRECIATE IF YOU CAN TELL YOUR STAFF TO SEND ME WHAT IS REQUIRED IN INVESTIGATION STATUS. I'VE BEEN HERE SINCE 8/20/15. THANK YOU.

GERALD REED N-32950
7-204

PUT IN NOTICE 9/3/15

Exhibit (B)

ILLINOIS DEPARTMENT OF CORRECTIONS
## OFFENDER'S GRIEVANCE

**Date:** 8/23/2015 **Offender:** (Please Print) GERALD REED **ID#:** N-32920

**Present Facility:** STATEVILLE **Facility where grievance issue occurred:** E-114

**NATURE OF GRIEVANCE:**

- ☐ Personal Property
- ☐ Mail Handling
- ☐ Restoration of Good Time
- ☐ ADA Disability Accommodation
- ☑ Staff Conduct
- ☐ Dietary
- ☐ Medical Treatment
- ☐ HIPAA
- ☐ Transfer Denial by Facility
- ☐ Transfer Denial by Transfer Coordinator
- ☐ Other (specify): ______

☐ Disciplinary Report: ___/___/___ Date of Report ______ Facility where issued

**Note:** Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

**Complete: Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:**

**Counselor,** unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
**Grievance Officer,** only if the issue involves discipline at the present facility or issue not resolved by Counselor.
**Chief Administrative Officer,** only if **EMERGENCY** grievance.
**Administrative Review Board,** only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief Administrative Officer.

**Summary of Grievance (Provide information including a description of what happened, when and where it happened, and the name or identifying information for each person involved):**

ON August 20, 2015, I was informed by I.A. To take a Urine test. upon taking the Urine/Drop test. I informed I.A. that I was on medication While 3, this c/o informed me Did I have a permit I responded that he can call the health care. Its a watch medicine prescribed to me! this c/o next stated that I should have taken the plastic out of the cup. And close the cup up. And went ~~to~~ proceed to test others. And said he would monitor the test. (Ten minutes) later Acting sergeant on this day c/o Salmon informed me to pack my property I was going to segregation, I was walked to seg by Lt. Burkhouer

**Relief Requested:** Released and c/o shaw removed from the duties of I.A. and suspended for 30 days without pay

☐ Check **only** if this is an **EMERGENCY** grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

[signature] Offender's Signature — N-32920 ID# — 8/23/2015 Date

(Continue on reverse side if necessary)

### Counselor's Response (if applicable)

**Date Received:** ___/___/___ ☐ Send directly to Grievance Officer ☐ Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277

**Response:** ______

______ Print Counselor's Name ______ Counselor's Signature ___/___/___ Date of Response

### EMERGENCY REVIEW

**Date Received:** ___/___/___ Is this determined to be of an emergency nature? ☐ Yes; expedite emergency grievance ☐ No; an emergency is not substantiated. Offender should submit this grievance in the normal manner.

______ Chief Administrative Officer's Signature ___/___/___ Date

ILLINOIS DEPARTMENT OF CORRECTIONS
**OFFENDER'S GRIEVANCE** (Continued)

throughout this process the chain of custody was violated when this Correctional officer fail to properly admonished the procedure when testing a person. Under Illinois Complied Statute 730 ILCS 5/3-7-2.5 Zero Tolerance Drug Policy

A) "1" All samples used for the purpose of drug testing shall be collected by persons who have at least 40 hours of initial training in the proper collection procedures and at least 8 hours of annual follow-up training, proof of this training shall be available upon request in order to ensure that these persons possess the necessary knowledge, skills, and experience to carry out their duties, their training must include guide-lines and procedures used for the collection process and must also incorporate training on the appropriate inter personal skill required during the collection process.

In this case this C/O Shaw, had not collected this Urine / Drug test properly, because he had contaminated the due process of this testing. When he fail to follow chain of custody. By first not given Reed the due process of testing properly, by law, allowing Reed to see every process required. From taking it out the plastic, watching the test result and allowing Reed to know personally of the examination process. C/o Shaw had not did the above detail account required by the statute. the chain of custody was [broke] when C/o Shaw placed the testing cup in a bag full of other cups and Reed's cup was exposed to other testing cups. And C/o Shaw fail to admonished the chain of custody by fully allowing Reed to examine the testing if it was negative/or positive, He informed someone else to tell me, I fail the drug test.

I will like to take a lie detector test about the above content in this matter.

Exhibit (C)

Mr Lafrus
Hello Sir

8/28/2015

I would like to address a concern matter with you in hope you can adjudicate the situation. On Aug. 20, 2015 I was tested for a drug testing by I.A Shaw. And during the course of the drop. I/o Shaw never informed me personally of the result. After I was told that I had **THC** in my system which was was. And then walked to segregation, on Aug. 25, 2015 the result came back. Due to the interview by I.A. on Aug. 26 2015. Which T.H.C. was not the results of the test (Barbituates) was the eleventh which I take Phenobarbital and Dilantin along with other meds that may cause that effect reaction to the testing. I.A had informed me on Aug 26th that once medical confirm that I take the above medication they will release me in a couple of days. Mr. Lafrus, as I know a person can be accused of a wrong crime. yet to later be exonerated. I know you are a man of your word. And look into this matter. This situation is far to out of hand. Cause as I await this procedure. I'm under investigation But personal property refuse to send me the adequate property that's due, under the investigation status. Please follow-up to this request. thank you

Sincerely Mr. Gerald
Reed 7-204

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

EX.(1)

GERALD REED
PLAINTIFF
-VS-
MARCUS HARDY ET, AL
DEFENDANT

NO 12C 8582
NO 11C 3447
JAMES B. ZAGEL

EX-PARTA COMMUNICATION

NOW COMES **GERALD REED**, PRO-SE PLAINTIFF ASKING THIS HONORABLE COURT TO ACCEPT THIS MOTION OF EX-PARTA COMMUNICATION, TO PERSERVE ALL ALLEGATIONS UNTIL PLAINTIFF CAN PROVE THE BELOW FACTS.

THIS COURT HAS ACCEPTED NO. 12 C 8582 RETALIATION COMPLAINT, ON GROUNDS THAT THE PLAINTIFF HAS ESTABLISH THAT THE STAFF AT STATEVILLE CORRECTIONAL CENTER, HAD INFRINGED ACTS OF RETALIATION ON PLAINTIFF. AND AT THIS MOMENT, THE COURT HAS GRANTED PLAINTIFF TO OBTAIN DISCOVERY. AND SINCE THAT WAS GRANTED ACTION OF RETALIATION HAS AGAIN WITH FORTH BY STAFF. BY PUTTING PLAINTIFF IN SEGREGATION, FOR A ALLEGE TESTED POSITIVE OF A DIRTY DROP. ON AUGUST 20, 2015 STAFF MEMBER (I.A.) ASKED PLAINTIFF TO TAKE A DRUG TEST. AND DURING THE COURSE OF THE TESTING. PLAINTIFF INFORMED STAFF THAT HE WAS ON MEDICATION, PHENOBARBITAL FOR STOMACH PROBLEMS AND TYLENOL 3 FOR PAIN, ALONG WITH OTHER MEDICATION. THE STAFF SHOULD HAVE KNOWN, BUT SUBJECTED PLAINTIFF TO DISPLINARY ACTION (SEGREGATION). PLAINTIFF WAS NEVER GIVEN THE OPPORTUNITY TO DUE PROCESS, AND STAFF DOING WHAT'S REQUIRED AND CONTACT MEDICAL DEPARTMENT, AND CHECK. BUT ONLY FELT THE NEED TO

put Plaintiff in seg. Plaintiff was informed right before this, that he would have to answer to summary judgement. And the defendants at Stateville will have to answer to Plaintiff discovery from (I.A.) and the disciplinary complaint and criminal charges against Lt. Perry Kirk, all medical records, e-mail, I.A report etc. to be forward to Plaintiff. During this time, Plaintiff has not had the opportunity to go over any of the legal document that defendant Toiley attorney's has forward to him at this moment. Because all Plaintiff's property, is stored into personal property. then in the case of # No. 11 C 3777 Plaintiff has been set for trial for Sept 21, 2015. And Plaintiff can not prepare without the ability to go through all material. Plaintiff has explained at best. How this is something what all of a sudden happen. Around the time of the urgent proceeding. Plaintiff ask that this court allow Plaintiff to adequately prepare, and give a stay until Plaintiff get's his property and material and a answer from defendants discovery.

WHEREFORE Plaintiff thank the courts for allowing me to share the continue retaliation

/s/ Gerald Reed

GERALD REED #A-32920
P.O. BOX 112
Joliet Ill. 60434.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

EX(2)

GERALD REED )
PLAINTIFF )
-VS- )
MARCUS HARDY, ET, AL )
DEFENDANT )

No 12C 8582
PRESIDING JUDGE
JAMES B. ZAGEL

MOTION UNDER SEAL

NOW COMES PLAINTIFF GERALD REED PRO-SE HEREBY ASKING THIS HONORABLE COURT TO FILE THE FORE MENTION DOCUMENT UNDER SEAL FEDERAL R. CIV. P. 5 (D)

1.) THAT THE AFOREMENTIONED INFORMATION WITHIN THIS SEAL DOCUMENT, WILL CONTAIN MISCONDUCT BY OFFICIAL IN I.D.O.C. THAT IS RELATED TO A CONTINUANCE RETALIATION AGAINST PLAINTIFF.

2.) PLAINTIFF HAS ASKED THE COURTS, D.O.J. AND THE GOVERNMENT TO ASSIST IN THE MISCONDUCT OF STAFF AT STATEVILLE.

3.) THE EX-PARTA COMMUNICATION MOTION WILL ESTABLISH A FACT TO TAKE INTO CONSIDERATION, FOR REVIEW IN HOPES IT EXPLAIN THE HARRASSMENTS, AND ACTIONS FOR FILING COMPLAINTS AGAINST STAFF, AT THE FACILITY THEREFORE A INVESTIGATION CAN GO FORTH.

WHEREFORE PLAINTIFF REQUEST LEAVE TO FILE THIS SEAL MOTION AND EX-PARTA MOTION.

/S/ Gerald Reed

GERALD REED #A32920
P.O. BOX 112
JOLIET ILL. 60434-0112

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

EX (3)

GERALD REED
PLAINTIFF
-V-
MARCUS HARDY, ET, AL
DEFENDANT

NO 12 C 8582
PRESIDING JUDGE
JAMES B. ZAGEL

EX-PARTA COMMUNICATION

NOW COMES GERALD REED PRO-SE PLAINTIFF ASKING THIS HONORABLE COURT TO ACCEPT THIS MOTION OF EX-PARTA COMMUNICATION. TO PERSERVE ALL ALLIGATION UNTIL HE CAN PROVE THE FOLLOWING FACT. THIS COURT HAS ACCEPTED THIS RETALIATION COMPLAINT, ON GROUNDS THAT THE PLAINTIFF HAS ESTABLISHED THE STAFF AT STATEVILLE CORRECTIONAL CENTER, HAS ENFRINGED ACTS OF RETALIATION ON PLAINTIFF. AND AT THIS MOMENT. THIS COURT HAS GRANT PLAINTIFF WITH DISCOVERY. UPON THOSE ACTION, PLAINTIFF WAS AGAIN RETALIATED AGAINST. ON AUGUST 20, 2015. STAFF MEMBER (I.A.) ASKED PLAINTIFF TO TAKE A DRUG TEST. AND DURING THE COURSE OF TESTING PLAINTIFF. HE INFORMED THE STAFF. THAT HE WAS ON PAIN MEDICATION "TYNOLE 3." AND STAFF INFORMED PLAINTIFF. THAT HE WILL LATER TELL HIM THE RESULTS, THIS STAFF MEMBER. BROKE THE CHAIN OF CUSTODY (730 ILCS 5/3-7-2.5. PLAINTIFF HAS BEEN PLACED IN SEGREGATION. SUMMARY JUDGEMENT WAS FILED, AND AT THIS MOMENT PLAINTIFF DONT HAVE ANY LEGAL DOCUMENT. AND DON'T KNOW WHEN PLAINTIFF WILL RECIEVE THEM. AND THROUGHOUT THE TIME OF FILING THIS COMPLAINT UNTIL THE DAY PLAINTIFF HAVE NOT HAD ANY DISPLINARY ACTION'S AGAINST HIM, AND AS SOON AS THE

COURT. ALLOWED PLAINTIFF to OBTAIN DOCUMENTS FROM (I.A.) AND ALL DEFENDANTS. (I.A.) FALSELY CHARGED PLAINTIFF WITH A DIRTY DRUG TEST. WHICH I TAKE TYLOLE 3. FOR PAIN. AND THE CORRECTIONAL OFFICER LEFT MY VIEW, THEN TOLD ANOTHER OFFICER TO TELL ME TO PACK MY PROPERTY. NOT ONE TIME HAD THIS OFFICER CALL THE HEALTH CARE UNIT. TO SEE IF I WAS ON MEDICATION, JUST WALKED ME TO SEGREGATION. IN CONVINCE ME, BY TAKING ALL OF MY PROPERTY. JUDGE ZAGEL. I'M NOT JUMPING TO CONCLUSION. BUT STATEVILLE HAVE A PATTERN OF THIS BEHAVIOR AND AT THE SAME TIME, AS YOU GRANTED PLAINTIFF THE OPPORTUNITY TO OBTAIN DOCUMENTS. THEY RETALIATE AGAINST PLAINTIFF.

JUDGE ZAGEL. PLAINTIFF HAS INFORM YOU ON PASS COMPLAINT ON 11 C 3777. ABOUT THE COVER-UP. AND MISCONDUCT BY STAFF. AND I DON'T KNOW WHAT THEY WILL DO NEXT. SO BEFORE ANYTHING ELSE HAPPEN. I WILL LIKE TO INFORM YOU AND THE DEPARTMENT OF JUSTICE. CAN YOU PLEASE SET UP A CALL. SO I CAN EXPLAIN IN A MORE DETAIL ACCOUNT. OF THE PROBLEMS I AM HAVING. THANK YOU.

MR. GERALD REED

Exhibit (D)

Law Offices
**ELLIOT R. ZINGER**

309 West Washington Street
Suite 700
Chicago, Illinois 60603

Tel: (312) 782-9464
Fax: (312) 327-2759

# FAX COVER SHEET

**Fax to: Office of the Warden**

**Fax no: 815.727.5511**

**Fax from: 312.782.7676**

**Date: 8/31/15**

**No. pages: 2**

**Re: Gerald Reed N32920**

**Memo: Enc./Please see attached correspondence**

**CONFIDENTIAL TRANSMISSION**

**THIS FACSIMILE TRANSMISSION MAY CONTAIN CONFIDENTIAL DOCUMENTS WHICH MAY BE PROTECTED BY LAW THROUGH ATTORNEY CLIENT PRIVILEGE, WORK PRODUCT OR OTHER LEGAL GROUNDS. IF YOU RECEIVE THIS DOCUMENT IN ERROR PLEASE NOTIFY THE ABOVE OFFICE AT YOUR EARLIEST CONVENIENCE.**

Gerald: I hope you're out by now. They were not very helpful to me.
Elliot

Exhibit (D)

**ELLIOT R. ZINGER, P.C.**
**ATTORNEYS & COUNSELORS AT LAW**

309 West Washington Blvd.
Suite 700
Chicago, Illinois 60606-3223

ezingerlaw@yahoo.com
312-782-9464
C 312-719-2476
F 312-782-7676

**Of Counsel:**
Larry M. Dreyfus, Esq. &
Goldstein, Fluxgold & Baron, P.C.

Monday, August 31, 2015

Warden
Stateville Correctional Center
16830 IL-53
Crest Hill, IL 60403

Re: **Gerald Reed N32920**

Dear Warden,

By way of introduction, Larry M. Dreyfus and I represent Gerald Reed N32920. We have been advised that Mr. Reed is currently in segregation, pending the conclusion of a drug investigation. It is our understanding that Gerald Reed failed a drug test. However, we believe that said test merely confirmed that Gerald Reed has been taking institutionally prescribed and dispensed pain killers.

Said pain killers were prescribed because Mr. Reed has a surgical rod implanted in his right leg, which was broken 24 years ago. Regardless, that it occurred 24 years ago, the State has refused to repair it. Instead, it dispenses to Mr. Reed pain killers.

It is also our understanding that the personnel lodging the complaint against him have not yet verified his medical records. Please expedite this investigation so Mr. Reed can be returned to his normal routine, which includes preparing for his upcoming Court dates with his attorneys.

Sincerely,

Elliot R. Zinger, Esq.

Exhibit (E)

Dear ACLU 8/30/15

I'm writting in regards to reaching out for some assistance. I have a pro se complaint in your retaliation against Stateville. But I wrote it up as a failure to protect claim. (RC8588) Gerald Reed v. Marcus Hardy. And since I was awarded on 8/17/15 Discovery. Which the prison fail to turn over. before then I've been getting threats I was already assaulted in 2011 Now. On 8/20/15. Internal affair staff at Stateville tested me for drug. And stated I was dirty for having T.H.C in my system. And on 8/25/15 the test came back saying I was positive for having Benliftl and Phenobarbital in my system. Which I have a medical problem. And was prescribed this from the Doctor. Now it's 8/30/15. And I'm still in segregation. And on top of it. I am under investigation until they can straighten it out. But my whole argument is. Illinois Criminal Procedure state, Once he or she is under investigation, He/or she can be provided all of his/or her property while under investigation. At this moment, I am unable to recieve any property. I've requested on 8/21/15 til the present date for my legal document. Because summary judgement should have been answered on 8/29/15. And at this moment. I can not get any answer. I wrote to the Department of Justice and they referred your office. Please help me. Because I am afraid what may happen next to me. thank you please help me out.

Sincerely Gerald Reed #N-32920

P.O. Box 112 Joliet Ill. 60434-0112

Exhibit 7

Illinois Department of Corrections

I-204

Bruce Rauner
Governor

DONALD STOLWORTHY
Director

Stateville Correctional Center / Rt. 53 / P.O. Box 112 / Joliet, IL 60434 / Telephone: (815) 727-3607 / TDD: (800) 526-0844

# MEMORANDUM

**DATE:** Aug 19, 15

**TO:** Gerald Reed K-32920

**FROM:** Chaplaincy Services

**SUBJECT:** Class

You are currently on the **waiting list** for the following class:

| | | | |
|---|---|---|---|
| X | MON | | TIME |
| X | TUE | | TIME |
| X | (WED) | L-T-O Math Skill | TIME 11 - 1:30 PM |
| X | THU | | TIME |
| X | FRI | | TIME |
| X | SAT | | TIME |
| X | SUN | | TIME |

**WHEN AN OPENING BECOME'**

Exhibit (G)

ILLINOIS DEPARTMENT OF CORRECTIONS

**Offender Disciplinary Report**

Stateville CC
Facility

Date: 8-20-15

**Type of Report:**
☐ Disciplinary ☒ Investigative

Offender Name: Gerald Reed ID #: N39930

Observation Date: 8-20-15 Approximate Time: 12:45 ☐ a.m. ☒ p.m. Location: Investigation Unit

**Offense(s): DR 504:** 1/1 - Investigative Status

**Observation**: (NOTE: Each offense identified above must be substantiated.) On the above date and approximate time inmate Gerald Reed N39930 is being placed under investigative status at Stateville CC. End of report.

**Witness(es):** NA

☐ Check if Offender Disciplinary Continuation Page, DOC 0318, is attached to describe additional facts, observations or witnesses.

| Reporting Employee (Print Name) | Badge # | Signature | Date | Time |
|---|---|---|---|---|
| D. Pierce | 7133 | W Pierce | 8-20-15 | 2:40 ☐ a.m. ☒ p.m. |

**Disciplinary Action:**

**Shift Review:** ☐ Temporary Confinement ☒ Investigative Status Reasons: Nature of incident

Printed Name and Badge #: [illegible] 107 — Shift Supervisor's Signature (For Transition Centers, Chief Administrative Officer): [signature] — Date: 8-21-15

**Reviewing Officer's Decision:** ☐ Confinement reviewed by Reviewing Officer Comment:

☒ **Major Infraction,** submitted for Hearing Investigator, if necessary and to Adjustment Committee

☐ **Minor Infraction,** submitted to Program Unit

Print Reviewing Officer's Name and Badge #: [illegible] — Reviewing Officer's Signature: [signature] — Date: 8-21-15

☒ **Hearing Investigator's Review Required** (Adult Correctional Facility Major Reports Only):

Print Hearing Investigator's Name and Badge #: [illegible] — Hearing Investigator's Signature: [signature] — Date: 8-22-15

**Procedures Applicable to all Hearings on Investigative and Disciplinary Reports**

You have the right to appear and present a written or oral statement or explanation concerning the charges. You may present relevant physical material such as records or documents.

**Procedures Applicable to Hearings Conducted by the Adjustment Committee on Disciplinary Reports**

You may ask that witnesses be interviewed and, if necessary and relevant, they may be called to testify during your hearing. You may ask that witnesses be questioned along lines you suggest. You must indicate in advance of the hearing the witnesses you wish to have interviewed and specify what they could testify to by filling out the appropriate space on this form, tearing it off, and returning it to the Adjustment Committee. You may have staff assistance if you are unable to prepare a defense. You may request a reasonable extension of time to prepare for your hearing.

☐ Check if offender refused to sign ______ Offender's Signature ______ ID#

Serving Employee (Print Name) ______ Badge # ______ Signature

Date Served ______ Time Served ______ ☐ a.m. ☐ p.m.

☐ I hereby agree to waive 24-hour notice of charges prior to the disciplinary hearing.

Offender's Signature ______ ID#

---

**(Detach and Return to the Adjustment Committee or Program Unit Prior to the Hearing)**

Date of Disciplinary Report ______ Print offender's name ______ ID#

I am requesting that the Adjustment Committee or Program Unit consider calling the following witnesses regarding the Disciplinary Report of the above date:

Print Name of witness ______ Witness badge or ID# ______ Assigned Cell (if applicable) ______ Title (if applicable)

Witness can testify to: ______

Print Name of witness ______ Witness badge or ID# ______ Assigned Cell (if applicable) ______ Title (if applicable)

Witness can testify to: ______

*Printed on Recycled Paper*

Distribution: Master File
Offender
Facility (2)

DOC 0317 (Rev. 2/2007)

Exhibit (H)

ILLINOIS DEPARTMENT OF CORRECTIONS
## OFFENDER'S GRIEVANCE

**Date:** 11/12/15 | **Offender:** (Please Print) GERALD REED | **ID#:** N32920

**Present Facility:** STATEVILLE C.C. | **Facility where grievance issue occurred:** 7-220

**NATURE OF GRIEVANCE:**

- ☐ Personal Property
- ☑ Staff Conduct
- ☐ Transfer Denial by Facility
- ☐ Mail Handling
- ☐ Dietary
- ☐ Transfer Denial by Transfer Coordinator
- ☐ Restoration of Good Time
- ☐ Medical Treatment
- ☐ ADA Disability Accommodation
- ☐ HIPAA
- ☐ Other (specify): ______
- ☑ Disciplinary Report: 8 / 23 / 2015 (Date of Report) ______ (Facility where issued)

**Note:** Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

**Complete: Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:**

**Counselor,** unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
**Grievance Officer,** only if the issue involves discipline at the present facility or issue not resolved by Counselor.
**Chief Administrative Officer,** only if **EMERGENCY** grievance.
**Administrative Review Board,** only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief Administrative Officer.

**Summary of Grievance** (Provide information including a description of what happened, when and where it happened, and the name or identifying information for each person involved):

On 8/20/2015. I was tested for a drug testing. By I.A. C/O Shaw. Which I informed C/O Shaw, that I was on medication, Phenobarbital and [illegible] 3. This C/O had not completed the testing. by informing me of the results, and walked off before I knew of the results. Sometime later C/O Seimon informed me that I was going to segregation for smoking weed. The chain of custody was broke, when this correctional officer Mr. Shaw not proceeded thru the due process of protocol. And show me that I had a dirty urine test. I was walked to segregation, throughout the 21 days in segregation (under invest-

**Relief Requested:** Due process of chain of custody, C/O Shaw release from I.A. with 30 days off. "Investigation status available to get their property and no retaliation against, and transferred to Dixon! & Also a grievance 8/23/

☑ Check **only** if this is an **EMERGENCY** grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

[signature] (Offender's Signature) | N32920 (ID#) | 11, 12, 15 (Date)

(Continue on reverse side if necessary)

### Counselor's Response (if applicable)

**Date Received:** NOV 18 2015 (RECEIVED stamp)

☑ Send directly to Grievance Officer

☐ Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277

**Response:** ______

______ Print Counselor's Name | ______ Counselor's Signature | __/__/__ Date of Response

### EMERGENCY REVIEW

**Date Received:** __/__/__

Is this determined to be of an emergency nature?

☐ Yes; expedite emergency grievance
☐ No; an emergency is not substantiated. Offender should submit this grievance in the normal manner.

______ Chief Administrative Officer's Signature | __/__/__ Date

ILLINOIS DEPARTMENT OF CORRECTIONS
**OFFENDER'S GRIEVANCE** (Continued)

igation, Reed had no legal property, or none of the property required under the investigation status, I wrote Major Hunter Lt. Brown, Warden Nickelson, and Warden Lamb. with regards to my legal documents for court. Reed was force to miss court dead-lines due to the administration refuse to give Reed the property that he was intitled to under the investigation status

Mr Reed filed this grievance about this incident on Aug. 23rd 2015. And have asked [CAO] Warden Lamb, to answer the Emergency grievence with regards to the action of c/o Shaw, and the due process of law.

The [CAO] had not responded to the grievence or return the grievence that was filed on August 23, 2015. Nor have c/o Shaw been disciplined about his action. Also all defendants named in this grievence refuse to respond to Reed request why he can't get his legal documents, or any property that's required under the status of investigation. Stateville refuse allow anyone under the investigation status to obtain T.V. radio, legal property, etc. Until released from seg.

ILLINOIS DEPARTMENT OF CORRECTIONS
OFFENDER'S GRIEVANCE

| Date: 10/4/2015 | Offender: (Please Print) Gerald Reed | ID#: N 32920 |
|---|---|---|
| Present Facility: Stateville C.C. | Facility where grievance issue occurred: F-251 | |

**NATURE OF GRIEVANCE:**

- ☐ Personal Property
- ☑ Staff Conduct
- ☐ Transfer Denial by Facility
- ☐ Mail Handling
- ☐ Dietary
- ☐ Transfer Denial by Transfer Coordinator
- ☐ Restoration of Good Time
- ☐ Medical Treatment
- ☐ ADA Disability Accommodation
- ☐ HIPAA
- ☑ Other (specify) Grievance Process
- ☐ Disciplinary Report: ___/___ Date of Report ______ Facility where issued

Note: Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

**Complete: Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:**

**Counselor,** unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
**Grievance Officer,** only if the issue involves discipline at the present facility or issue not resolved by Counselor.
**Chief Administrative Officer,** only if **EMERGENCY** grievance.
**Administrative Review Board,** only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief Administrative Officer.

**Summary of Grievance (Provide information including a description of what happened, when and where it happened, and the name or identifying information for each person involved):** On August 23, 2015 I addressed Stateville Administration with a Emergency Grievance that have not been answered or responded to! Regarding the following elements: Staff conducting a Urine test on Gerald on 8/20/2015. And Gerald Reed informed I.A. staff c/o Shaw that I take medication, staff member broke the chain of custody, by not following procedure, and informing Gerald Reed of the details of the test, as it developed. And later acting Sgt Selmon, informed Reed that he had a dirty drop. Lt. Burkybile informed Reed, that he was smoking Marijuana (weed). As he walked (escorted) Reed to Segre-

**Relief Requested:** Conduct a Investigation and answer the Aug. 23, 2015 grievance, and insure Reed that he be subjected to these kind of acts.

☐ Check only if this is an **EMERGENCY** grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

[signature] Offender's Signature | N32920 ID# | 10, 2, 2015 Date

(Continue on reverse side if necessary)

**Counselor's Response (If applicable)**

Date Received: 10, 8, 15 ☐ Send directly to Grievance Officer ☐ Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277

Response: Per the grievance officer, there are currently no grievances in their office related to the issue inmate has referred to in the body of this grievance

C. HARRIS Print Counselor's Name | [signature] Counselor's Signature | 4, 15, 16 Date of Response

**EMERGENCY REVIEW**

Date Received: ___/___ Is this determined to be of an emergency nature? ☐ Yes; expedite emergency grievance ☐ No; an emergency is not substantiated. Offender should submit this grievance in the normal manner.

______ Chief Administrative Officer's Signature ___/___ Date

ILLINOIS DEPARTMENT OF CORRECTIONS
OFFENDER'S GRIEVANCE (Continued)

GATION, throughout that process. Reed was/and is taken Phenobarbital and within that procedure. C/o Shaw could have called the hospital and found out that Barbiturates is in the medication that Reed takes. Reed was place in segregation until Sept 9, 2015. And Reed shouldn't have been subjected to the cruel and unusual punishment that he faced. By not having none of his legal property or personal property.

Exhibit (J)

F220

ILLINOIS DEPARTMENT OF CORRECTIONS

**Administrative Review Board**
**Return of Grievance or Correspondence**

Offender: Reed (Last Name) Gerald (First Name) ___ (MI) N32926 (ID#)

Facility: Stateville

☒ Grievance: Facility Grievance # (if applicable) NOT PROVIDED Dated: 11/12/15 or ☐ Correspondence: Dated: ______

Received: 11/15/15 (Date) Regarding: Discipline Process 5/20/15 Drug testing

The attached grievance or correspondence is being returned for the following reasons:

**Additional information required:**

- ☐ Provide a copy of your written Offender's Grievance, DOC 0046, including the counselor's response, if applicable.
- ☐ Provide a copy of the Response to Offender's Grievance, DOC 0047, including the Grievance Officer's and Chief Administrative Officer's response, to appeal.
- ☐ Provide dates of disciplinary reports and facility where incidents occurred.
- ☐ Unable to determine nature of grievance or correspondence; submit additional specific information. Please return the attached grievance or correspondence with the additional information requested to: Administrative Review Board
Office of Inmate Issues
1301 Concordia Court
Springfield, IL 62794-9277

**Misdirected:**

- ☐ Contact your correctional counselor regarding this issue.
- ☐ Request restoration of Statutory Sentence Credits to Adjustment Committee. If the request is denied by the facility, utilize the offender grievance process outlined in Department Rule 504 for further consideration.
- ☐ Contact the Record Office with your request or to provide additional information.
- ☐ Personal property issues are to be reviewed at your current facility prior to review by the Administrative Review Board.
- ☐ Address concerns to: Illinois Prisoner Review Board
319 E. Madison St., Suite A
Springfield, IL 62706

**No further redress:**

- ☐ Award of Supplemental Sentence Credits are discretionary administrative decisions; therefore, this issue will not be addressed further.
- ☐ Not submitted in the timeframe outlined in Department Rule 504; **therefore, this issue will not be addressed further**.
- ☐ This office previously addressed this issue on ______ (Date)
- ☐ No justification provided for additional consideration.

**Other** (specify): Issue of 5/20/15 60 days past time and cannot be reviewed without facility responses

Completed by: Leslie McCarty (Print Name) Leslie McCarty (Signature) 12/1/15 (Date)

Distribution: Offender
Inmate Issues

Printed on Recycled Paper

DOC 0070 (Rev 4/2013)

Exhibit (K)

# SEGREGATION PROPERTY POLICY

IN THE EVENT AN INMATE IS WALKED TO SEGREGATION THE FOLLOWING IS A LIST OF ESSENTIAL ITEMS HE WILL BE ALLOWED TO TAKE WITH HIM.
IN THE EVENT THE INMATE IS WALKED FROM AN AREA OTHER THAN HIS ASSIGNED LIVING UNIT(CELL), THE MOVEMENT COORDINATOR SHALL ENSURE THE ABOVE PROPERTY IS DELIVERED TO THE INMATE ON THE SAME SHIFT/DAY.
IN EITHER CASE, THE REMAINING PROPERTY IS TO BE SEARCHED AND INVENTORIED BY THE SENDING UNIT. UPON COMPLETION OF THE AFOREMENTIONED TASK, THE PROPERTY SHALL BE DELIVERED TO PERSONAL PROPERTY IN A TIMELY FASHION.

When completing this section, the letter Y or N designating, yes the inmate received the item or no he did not, should be noted in the space provided.

| Y/N | ITEM | Y/N | ITEM |
|---|---|---|---|
| Y | ONE (1) PAIR OF SHOES | N | ONE (1) FAN |
| N | ONE (1) PAIR OF SHOWER SHOES | | LEGAL MATERIALS |
| N | TWO (2) PAIRS OF SOCKS | N | ONE (1) TYPEWRITER |
| N | THREE (3) UNDERSHIRTS | N | ONE (1) MIRROR |
| N | THREE (3) UNDERWEAR | | ONE (1) LAUNDRY BAG |
| | ONE (1) HAIR COMB (NO PICKS) | | |
| | DENTURES & DENTURE CUP | | |
| | EYEGLASSES | | |
| | SHAMPOO (10) PACKETS | | |
| | TWO (2) BARS OF SOAP | | |
| | ONE (1) TOOTHBRUSH (SECURITY) | | |
| | PRESCRIPTION MEDICATION | | |
| | TWO (2) BATH TOWELS | | |
| | TWO (2) WASH CLOTHES | | |
| | ONE (1) TOOTHPASTE | | |
| | TEN (10) PACKETS HAND LOTION | | |
| | TEN (10) PACKETS CONDITIONER | | |
| | ONE (1) HAIR BRUSH | | |
| | ONE (1) DEODORANT | | |

NO SQUEEZE BOTTLES OR TUBES AT ALL, ONLY PACKETS.

UNIT ______ DATE INVENTORY COMPLETED ______

STAFF COMPLETING INVENTORY ______

INMATE'S SIGNATURE ______ NUMBER ______

DATE RECEIVED ______

* THE RECEIVING UNIT WILL BE RESPONSIBLE FOR SHAKING DOWN THE ESSENTIAL PROPERTY PRIOR TO DISTRIBUTION, TO THE INMATE. INMATES WILL BE ISSUED LINEN UPON PLACEMENT IN SEGREGATION. UPON RELEASE FROM SEGREGATION, THE MATTRESS AND LINEN WILL REMAIN IN THE SEGREGATION UNIT.

** INMATES PLACED IN SEGREGATION WILL RECEIVE THE REMAINING PROPERTY ALLOWED IN THE SEGREGATION UNIT WITHIN 48 HOURS OF HIS PLACEMENT IN SEGREGATION. ALL OTHER PROPERTY WILL BE PLACED IN STORAGE UNTIL THE INMATE'S RELEASE.

Distribution: Yellow - Inmate's File
Pink - Inmate's Copy
White - With Property

IL 426-22640, DCA 190-42182 (Rev. 04/99)

REED
N32920
F-204